William H. Evans v. Commissioner.
Evans v. Commissioner
Docket No. 83883.
United States Tax Court
T.C. Memo 1962-61; 1962 Tax Ct. Memo LEXIS 248; 21 T.C.M. (CCH) 339; T.C.M. (RIA) 62061; March 21, 1962
John E. Kruschke, Esq., for the petitioner. Delman H. Eure, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined a deficiency in petitioner's income tax for 1956 in the amount of $429.82. The issue is whether the gain realized from the sale of certain property in 1956 qualifies for nonrecognition within the meaning of section 1034 of the Internal Revenue Code of 1954. Findings of Fact Some of the facts were stipulated and they are herein incorporated by this reference. William H. Evans, hereinafter called the petitioner, presently resides in Milwaukee, Wisconsin. He filed his individual income tax return for 1956 with the district director of internal revenue at Milwaukee, Wisconsin. Petitioner entered *249 the United States Army in 1941 at the age of 24, and at that time he was living with his parents in Neenah, Wisconsin. Petitioner was discharged from the Army in October 1945 and returned to his parents' home. From October 1945 to March 1946 petitioner sought employment in Milwaukee (approximately 97 miles from Neenah) and elsewhere, and during this time he spent his weekends in Neenah. From March 1946 until the end of spring term in 1949 petitioner attended the Milwaukee Extension of the University of Wisconsin, and during this time he visited his parents in Neenah several weekends each month. While attending the University petitioner lived in Milwaukee at the home of his sister, Catherine Metrey. From 1949 until his graduation in February 1952 petitioner attended the University of Wisconsin Law School at Madison, Wisconsin, and during this time he lived in a students' boarding house. During this period petitioner went to Neenah frequently on weekends. After petitioner graduated from law school he unsuccessfully sought employment in law offices in Neenah, and after about two weeks he went back to Milwaukee where he opened an office for the practice of law. He was engaged in law *250 practice as a sole practitioner through 1956, and subsequent to that he became a partner in a law firm having offices in Milwaukee. From 1952 until 1956 the petitioner lived at the home of his sister in Milwaukee. During this period the petitioner went to Neenah frequently and he continued to have his room and some of his belongings in the house there. In 1952 the petitioner ran for nomination to the Milwaukee School Board as a resident of Milwaukee, using his sister's address. In 1956 the petitioner ran for the office of assemblyman to the Lower House of the Wisconsin Legislature from the district of Milwaukee, again using his sister's address. Petitioner belonged to the Milwaukee Bar Association in 1956, and during that same year he was registered to vote in Milwaukee. In 1955 the petitioner purchased a part interest in a building in Milwaukee, together with his brother-in-law, who was a real estate broker, and a third party. The building was an old residence and it was completely remodeled by them into a series of small offices. In September 1939 the petitioner's parents, David G. and Viva B. Evans, had acquired an interest under a land contract in residential property located *251 at 421 East Doty Avenue, Neenah, Wisconsin, which they used as their residence. On June 28, 1948 the petitioner acquired title to the East Doty Avenue property, consisting of a house and a lot, and his parents continued to use it as their home until March 1952, when his father died. Petitioner's mother continued to live there. During the time that petitioner held the East Doty Avenue property he paid all expenses of maintenance and repair, including real property taxes. Petitioner never received any rental or other income with respect to this property. On September 16, 1956 the petitioner sold the East Doty Avenue property for $6,750 and realized a gain of $3,745.91. On October 31, 1956 the petitioner purchased property consisting of a house and lot at 407 Monroe Street, Neenah, Wisconsin, for a total purchase price of $8,800. He purchased several appliances for the house, made minor repairs on the house from 1956 to the time of the trial, and paid taxes and insurance on the property. From October 1956 until December 15, 1960 the petitioner's mother occupied the Monroe Street property, and on the latter date she moved to Milwaukee to live with petitioner and his wife. Petitioner *252 was married in August 1959 and his home at the time of the trial was in Milwaukee. Petitioner in his 1956 income tax return excluded from income the gain realized from the sale of the East Doty Avenue property. Opinion Section 1034 of the Internal Revenue Code of 1954 provides that "[if] property * * * used by the taxpayer as his principal residence is sold by him after December 31, 1953, and within a period beginning 1 year before the date of such sale and ending 1 year after such date, property * * * is purchased and used by the taxpayer as his principal residence, gain (if any) from such sale shall be recognized only to the extent that the taxpayer's adjusted sales price * * * of the old residence exceeds the taxpayer's cost of purchasing the new residence." "Whether or not property is used by the taxpayer as his residence, and whether or not property is used by the taxpayer as his principal residence * * * depends upon all of the facts and circumstances in each individual case * * *." H. Rept. No. 586, 82d Cong., 1st Sess., 1951-2 C.B. 357, at 436. Under the statute the residential property sold and the residential property acquired *253 must both be "used by the taxpayer as his principal residence." This means the residential property sold must be used by the taxpayer as his principal residence at the time of sale. The evidence would properly support a conclusion that the property sold (Doty Avenue property) was used by petitioner as his principal residence until 1952 when he started to practice law in Milwaukee. The record here strongly supports the conclusion that it was not his residence thereafter. After he started to practice law in Milwaukee he voted and ran for public office as a resident of that city and did not go back to Neenah except on weekends and holidays. In any event there is no evidence at all that the residential property he acquired in 1956 (Monroe Street property) was ever used by him as his principal residence. He acquired this property October 31, 1956. That year he ran for the Wisconsin Legislature seeking the office of assemblyman or representative of a district in Milwaukee that included his sister's home. The most that the record shows is that he used the Monroe Street property, where his mother dwelt, on most but not all weekends. It was not used by him as his principal residence. Cf. *254 John F. Bayley, 35 T.C. 288. We hold respondent was right in determining petitioner received recognizable gains when he sold the Doty Street property. Decision will be entered for the respondent.